**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**VEL TYLER,**
    Petitioner,

v.                                                    Case No.  1:05cv38/MMP/MD

**JAMES V. CROSBY,**
    Respondent.
_____

### REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1).  Respondent has filed an answer requesting dismissal of the petition as time barred. (Doc. 10).  Petitioner has responded. (Doc. 11).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

    On February 14, 2000 petitioner was convicted of armed robbery pursuant to a plea of nolo contendere in the Circuit Court of Alachua County, Florida, case no. 99-942.  (Doc. 1, p. 1; Doc. 1, Attach. Statement of Additional Facts, p. 1 of 12; Doc. 1, Ex. B, Pet. to Enter Plea of Guilty or Nolo Contendere).  He was sentenced on that date to 22 years imprisonment.  (*Id*.).  Petitioner did not take a direct appeal.

    On June 4, 2001 petitioner challenged his conviction by filing a petition for writ of habeas corpus in the Circuit Court of Baker County, Florida.  (Doc. 1, Attach. Statement of Additional Facts, p. 3 of 12; Doc. 10, Ex. E).  The circuit court denied

relief, and the Florida First District Court of Appeal ("First DCA") affirmed without written opinion on September 20, 2004. *Tyler v. State*, 883 So.2d 805 (Fla. 1st Dist Ct. App. 2004) (Table) (copy at Doc. 1, Ex. A, First DCA Opinion in case no. 1D02-2764). The mandate issued October 18, 2004. (Doc. 1, Ex. A, First DCA Mandate in case no. 1D02-2764; Doc. 10, Ex. D).

On June 28, 2001 petitioner filed a motion for postconviction relief pursuant to FLA.R.CRIM.P. 3.850. (Doc. 10, Ex. A).[1] The trial court denied relief on January 8, 2004. (*Id.*, Ex. B). The First DCA affirmed the denial order without written opinion on August 18, 2004. *Tyler v. State*, 2004 Fla. App. LEXIS 12788 (Fla. 1st Dist. Ct. App. 2004) (Table) (copy at Doc. 1, Ex. A, First DCA Opinion in case no. 1D04-1906). The mandate issued November 12, 2004. (Doc. 1, Ex. A, First DCA Mandate in case no. 1D04-1906; Doc. 10, Ex. C).

In March of 2002, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Alachua County, Florida. (Doc. 1, Attach. Statement of Additional Facts, p. 3 of 12; Doc. 10, Ex. G, p. 2). The circuit court denied relief, and the First DCA affirmed without written opinion on October 13, 2004. *Tyler v. State*, 884 So.2d 941 (Fla. 1st Dist. Ct. App. 2004) (Table) (copy at Doc. 1, Ex. A, First DCA Opinion in case no. 1D02-1814). The mandate issued November 9, 2004. (Doc. 1, Ex. A, First DCA Mandate in case no. 1D02-1814; Doc. 10, Ex. E).

Petitioner commenced the instant habeas corpus proceeding by filing a § 2254 petition on February 14, 2005. (Doc. 1, p. 6).

## DISCUSSION

Respondent asserts that the instant petition is barred by the statute of limitations. Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

---

[1]During the pendency of his Rule 3.850 motion, due to a delay in receiving a ruling from the trial court, petitioner filed a successful petition for writ of mandamus in the First DCA. *Tyler v. State*, 859 So.2d 628 (Fla. 1st Dist. Ct. App. 2003) (copy at Doc. 1, Ex. A, First DCA Opinion in case no. 1D03-1550). The First DCA directed the trial court to act on petitioner's Rule 3.850 motion within thirty days of issuance of the mandate. (*Id.*). The mandate issued December 12, 2003. (Doc. 1, Ex. A, First DCA Mandate in case no. 1D03-1550).

the AEDPA governs the present petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

>(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition.  Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Respondent contends the limitations period began to run on March 15, 2000, the date on which the thirty-day period in which to file a notice of appeal from the judgment of conviction expired.  The undersigned agrees.  *See* FLA.R.APP.P. 9.140(b)(3). Accordingly, the statute of limitations expired on March 16, 2001, unless there were pending during that time any properly filed applications for state

postconviction or other collateral review. The record reveals that petitioner had no such applications pending during that critical period between March 15, 2000 and March 16, 2001; therefore, his time for seeking federal habeas review expired on the latter date. Petitioner's motions for state postconviction relief or other collateral review filed after expiration of the limitations period did not trigger the tolling benefit of § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Nor did the later filings reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002). As the petition in this case was not filed until February 14, 2005, the petition is untimely.

In response to respondent's answer requesting dismissal, petitioner does not dispute that his petition is untimely. (Doc. 11, p. 1). However, he argues that equitable tolling justifies the out-of-time adjudication of his petition. "Section 2244 . . . permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). In this case, petitioner asserts that three events constitute "extraordinary circumstances that has [sic] prevented him from timely asserting his rights:" (*Id.*).

According to petitioner, the first circumstance to support equitable tolling of the limitations period is the fact that his no contest plea was involuntary based on ineffective assistance of counsel because petitioner understood that he had preserved for appellate review the issue of whether his confession should be suppressed; however, he later learned that the issue was not preserved for appeal because counsel "never presented the motion to suppress to the court for a ruling." (Doc. 11, p. 1). These allegations of trial counsel's ineffectiveness focus on those circumstances surrounding petitioner's underlying conviction, and not to those surrounding the late filing of his habeas petition. Such allegations do not justify

application of the equitable tolling doctrine.  *See Helton v. Secretary for Dep't of Corrections*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. . . . [A] district court err[s], therefore, [if it] focus[es] upon the merits of the case to justify equitable tolling."); *McLester v. S. Hopper*, 67 F.Supp.2d 1308, 1310-11 (M.D. Ala. 1999) (rejecting petitioner's argument that averments contained in petition concerning trial counsel's alleged "dearth of representation" at the time of petitioner's convictions and counsel's "inexcusable neglect in failing to file a timely notice of appeal" supported application of equitable tolling doctrine, where petitioner failed to demonstrate either that an inequitable event prevented his timely filing or that he exercised due diligence).

The second "extraordinary circumstance" cited by petitioner is that the day after his Rule 3.850 motion was denied by the trial court, the same court (although a different judge) entered an order granting an evidentiary hearing, appointing counsel and ordering that petitioner be transported.  (Doc. 11, p. 2; Doc. 1, Ex. B, Order Appointing Counsel, Order Setting Hearing).  Those orders were vacated one month later, as "erroneously entered."  (Doc. 1, Ex. B, Order Vacating "Order Setting Hearing . . . And "Order Appointing Counsel" And "Order To Transport").  These orders, entered after the federal habeas limitations period had already expired, offer no justification for petitioner's delay in filing his section 2254 petition.

Finally, petitioner contends that the Rule 3.850 court's delay in ruling on his motion for postconviction relief is an extraordinary circumstance that warrants equitable tolling. (Doc. 11, pp. 3-4).  Again, this does not demonstrate that petitioner exercised due diligence to file his federal habeas petition before the one-year limitations period expired.  Petitioner's response is devoid of any explanation why he allowed over one year to elapse before filing his federal habeas petition or any state applications (including his Rule 3.850 motion) that would have tolled the federal habeas limitations period.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  Petitioner has alleged no facts to suggest that he ever attempted to file his federal habeas corpus petition within the limitations period, much less that he <u>diligently</u> pursued relief.  *See Coleman v. Johnson*, 184 f.3d 398, 401 (5th Cir. 1999) (explaining that for equitable tolling to apply, the petitioner must diligently pursue relief).  Furthermore, the reasons petitioner proffers for his delay do not constitute "extraordinary circumstances."  Thus, the record does not support application of the equitable tolling doctrine or any other exception to the limitations period.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus, (doc. 1) be DISMISSED with prejudice and that the clerk be directed to close the file.

At Pensacola, Florida this 10th day of January, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**